NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 13, 2022
Decided October 11, 2022

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 22-1106

| | |
|---|---|
| PATRICIA A. HAHN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:20-cv-00347-WCL |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, *Defendant-Appellee*. | William C. Lee, *Judge*. |

**O R D E R**

Patricia Hahn suffered serious physical injuries when she was shot multiple times in 2017. After the shooting, she experienced trauma-induced mental health conditions and accompanying social limitations. Hahn applied for Social Security disability insurance benefits, and an administrative law judge denied her claim. This appeal concerns only whether the ALJ properly considered evidence of Hahn's self-reported daily activities and relationships in finding that her social difficulties did not preclude her from working. We conclude that the ALJ properly considered this evidence as one of many factors in discrediting the extent of her social limitations and

did not improperly equate this evidence to work ability. Substantial evidence supports the ALJ's finding, so we affirm the district court's decision.

## I.  Background

While Hahn was attending cosmetology school in 2017, a man shot her 12 to 14 times after she rejected his unwanted advances. Following this incident, she has suffered from physical ailments as well as mental health disorders, including depression, anxiety, and post-traumatic stress disorder. Hahn alleges these mental health conditions have posed significant difficulties for her when interacting with others. For example, when she worked part-time as a restaurant hostess, she experienced anxiety from being with other people. She also reports having panic attacks three or four times a week from being in groups of more than five people as well as from hearing gunshots and ambulances. And her doctors confirm that, while she has adequate cognitive ability, Hahn experiences depression, anxiety, and mood imbalances.

Despite these social difficulties, Hahn testified that she gets along with her mother and has at least one friend. She is able to perform basic activities such as cooking, walking her children to the bus stop, going to the grocery store, attending appointments, and handling finances. Hahn was 30 years old as of the alleged onset of her disability, had completed high school, and was licensed as a certified nursing assistant. Since the onset date, she has worked part-time as a restaurant hostess and a cashier, among other jobs.

In October 2018, Hahn applied for Social Security disability insurance benefits, alleging that she had been disabled since that date due to the shooting and its aftermath. Following a hearing, an ALJ determined that Hahn was not disabled. Hahn appealed this decision to the Social Security Appeals Council, which denied her request for review. Hahn then filed suit against the Commissioner of the Social Security Administration for review of that final decision. The district court affirmed the Commissioner's decision, and Hahn timely appealed to this court.

## II.  Analysis

The sole issue that Hahn's counsel has chosen to raise on appeal is whether the ALJ properly considered evidence of her daily activities and relationships to decide that her social difficulties did not amount to a Residual Functional Capacity (RFC) limitation

that precluded her from working.[1] Hahn argues that the ALJ improperly overemphasized this evidence in failing to find her social interaction limitations work-preclusive. "We review de novo the district court's affirmance of the ALJ's decision and review directly the decision of the ALJ." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021). But this de novo review in turn requires that the ALJ's decision be overturned "only if the ALJ based the denial of benefits on incorrect legal standards or less than substantial evidence." *Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022) (quoting *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020)). The substantial evidence standard is "not high," and only requires that the ALJ identify "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).

To determine whether a claimant qualifies for disability benefits, an ALJ applies a five-step analysis considering whether: "(1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy." *Butler*, 4 F.4th at 501. "The claimant bears the burden of proof at each step except 5, when the burden shifts to the Commissioner." *Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021).

Hahn's challenge focuses on the penultimate sentence in the ALJ's RFC finding: "She can have brief and superficial interactions with others (defined as occasional interaction with supervisors apart from what is necessary for general instruction, task completion, or training, and occasional interaction with co-workers and the general public)." Thus, our analysis is cabined to step four, specifically the RFC's social interaction limitation. In making the RFC determination, ALJs may not "equat[e] activities of daily living with an ability to work." *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016). "But it is entirely permissible to examine all of the evidence, including a claimant's daily activities, to assess whether testimony about the effects of his

---

[1] At argument, Hahn's counsel raised a new issue: He argued that because the ALJ's adverse decision lacks an explicit statement that she made her various findings by a preponderance of the evidence, substantial evidence does not support the decision. Oral Arg. at 01:20–02:35 (citing 20 C.F.R. § 404.953). Counsel admitted that he had not raised or briefed this issue prior to argument, so it is waived. *Id.* at 02:38–45; *see Jeske v. Saul*, 955 F.3d 583, 597 (7th Cir. 2020).

impairments was credible or exaggerated." *Prill v. Kijakazi*, 23 F.4th 738, 748 (7th Cir. 2022) (quoting *Alvarado v. Colvin*, 836 F.3d 744, 750 (7th Cir. 2016)).

We consider whether the ALJ improperly equated Hahn's daily life activities and relationships with an ability to work, or properly considered this evidence as one among several factors in discrediting Hahn's testimony about her social limitations. The record shows that the latter is true. Hahn testified that she experienced anxiety from being with other people and recounted having panic attacks three or four times a week from being in groups of more than five people. But the ALJ noted that Hahn had "worked at least on a part-time basis since the amended alleged onset date." Such work included working as a cashier and as a restaurant hostess, both of which involved frequent interactions with others. The ALJ gave less weight to Hahn's mother's testimony about Hahn's social limitations because her mother was not a medical professional. The ALJ also weighed the medical evidence regarding Hahn's mental health and credited certain experts while discrediting others. In particular, the ALJ relied on Dr. Predina's opinion that Hahn had adequate cognitive ability to perform "jobs comparable to her past jobs." But this finding was qualified by the same doctor's report that Hahn experienced mood imbalances—"labile affect with crying, anxious and traumatized mood"—and "slightly impaired judgment, common sense, and orientation." The ALJ also considered progress notes from the Northeastern Center, a psychological therapy facility, which reflected that Hahn had "average intellectual functioning, and that her mental status examination findings were largely within normal limits, except for anxious and depressed/dysphoric mood, flat affect, poor eye contact, perseveration, paranoia, and minimal/limited insight." And finally, the ALJ noted Hahn's relationship with her mother and a friend as well as her self-reported ability to perform some daily activities such as cooking, walking her children to the bus stop, going to the grocery store, attending appointments, and handling finances.

The ALJ considered the objected-to evidence as only one of many factors in discrediting Hahn's testimony about her social limitations. As we have repeatedly held, "it is entirely permissible to examine all of the evidence, including a claimant's daily activities, to assess whether testimony about the effects of his impairments was credible or exaggerated." *Prill*, 23 F.4th at 748 (quoting *Alvarado*, 836 F.3d at 750). Based on Hahn's interpersonal difficulties, the ALJ tailored the social interaction limitation of the RFC to "brief and superficial interactions with others." While not a dispositive consideration, the ALJ also expressly disclaimed equating daily activities with an ability to perform full-time work: "The undersigned is mindful of the fact that the ability to perform daily activities is not necessarily consistent with the ability to perform full-time

work; however, the ability to perform such daily activities does suggest that the claimant is not as limited as she and her mother alleged." Hahn asserts that this is a mere self-serving statement, but the ALJ's due consideration of Hahn's social limitations in light of many different factors—including her daily activities and relationships—is manifest from the ALJ's tailored RFC limitation finding.

### III.  Conclusion

In examining the ALJ's decision we may "not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus*, 994 F.3d at 900. Even if reasonable minds could disagree on whether a claimant is disabled based on the record evidence, a reviewing court must affirm the Commissioner's decision to deny benefits if the decision is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). We acknowledge that reasonable minds can disagree about whether Hahn's social limitations are severe enough to preclude work. But the ALJ did not equate Hahn's daily activities and relationships with work ability. Rather, the ALJ considered this evidence among several factors to find that Hahn's social limitations, while restrictive of the kinds of work she could perform, did not prevent her from employment and, thus, that she was not disabled.

AFFIRMED.